E-filing



COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 28 U.S.C §§ 2241

Name ~~Maxxx~~l Tolliver   Darryl   L.
(Last)          (First)         (Initial)

Prisoner Number  H36993

Institutional Address  P.O. Box 7500

Crescent City, California 95531

**FILED**
JUL 3 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DARRYL LAMAR TOLLIVER
(Enter the full name of plaintiff in this action.)

vs.

M. THORNTON, et al.; C.E. WILBER et al.;
R. HOREL, et al.; MR. SWEARINGEN, PBSP
CORRECTIONAL COUNSELOR II, et al.;
N. GRANNIS, et al.
(Enter the full name of the defendant(s) in this action)

Case No. C 07 3921 VRW (PR)
(To be provided by the clerk of court)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
28 U.S.C §§ 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies

   **[Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

   A.   Place of present confinement   PELICAN BAY STATE PRISON

   B.   Is there a grievance procedure in this institution?
            YES (X)     NO ( )

   C.   Did you present the facts in your complaint for review through the grievance procedure?
            YES (X)     NO ( )

   D.   If your answer is YES, list the appeal number and the date and result of the appeal at
        SEE ANNEX "A", AT PAGE 5., APPENDIX (APPX.#1) FACE PAGE.

COMPLAINT                           - 1 -

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal  PLAINTIFF SUBMITTED THE REDRESS TO I/M APPEALS COORDINATOR WHO BARRED AND CHILLED THE REDRESS SEE APPX. #1

2. First formal level  SAME STATEMENT AS IN INFORMAL APPEAL

3. Second formal level  SAME STATEMENT AS IN FIRST FORMAL LEVEL

4. Third formal level  SEE ANNEX "A" AT PAGE 5.

E. Is the last level to which you appealed the highest level of appeal available to you?
YES (X)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _____

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.
Darryl L. Tolliver, H36993; P.O. Box 7500; Crescent City, CA 95531

B. Write the full name of each defendant, his or her official position, and his or her place of employment.
see additional page at 2A.

COMPLAINT                - 2 -

## **JURISDICTION**

1.) This is a civil right action for declaratory judgment that plaintiff constitutional rights are being violated under the conditions of his con- finement within the California Department of Correction and Rehabilitation (CDCR) at Pelican Bay State Prison (PBSP), in addition plaintiff tender the court for permanent injunction preventing defendants continuation of violating his liberty interest under the color of authority in their individual and official capacity.

2.) Jurisdiction is invoked pursuant to 28 U.S.C § 1343(a)(3); 42 U.S.C. § 1983; for all claims arising from and under 28 U.S.C. § 2241.

CONTINUATION OF PAGE -2- II. B.

Defendants

1.) M. Thornton et al., is a correction counselor for the CDCR, and is employed at PBSP in Crescent City, California.

2.) C.E. Wilber, et al., is a I/M appeal coordinator for the CDCR, and is employed at PBSP in Crescent City, California.

3.) R. Horel, et al., is a warden for the CDCR, and is employed at PBSP in Crescent City, California.

4.) Mr. Swearingen, et al., is a supervising correctional counselor for the CDCR, and is employed at PBSP in Crescent City, California.

5.) N. Grannis, et al., is chief I/M appeals coordinator for the CDCR, and is employed in Sacramento, California.

**EACH DEFENDANT IS BEING SUED INDIVIDUALLY, AND IN HIS OR HER OFFICIAL CAPACITY, MOREOVER AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.**

```
1  _____
2  _____
3  _____
4  III.   Statement of Claim
5         State here as briefly as possible the facts of your case. Be sure to describe how each
6  defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any
7  cases or statutes. If you have more than one claim, each claim should be set forth in a separate
8  numbered paragraph.
9  SEE ADDITIONAL PAGE AT 3A FOR STATEMENT OF CLIAM(S).
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19 _____
20 _____
21 _____
22 IV.    Relief
23        Your complaint cannot go forward unless you request specific relief. State briefly exactly what
24 you want the court to do for you. Make no legal arguments; cite no cases or statutes.
25 ATTACHED TO EACH GROUND/CLAIM.
26 _____
27 _____
28 _____
```

COMPLAINT                                    - 3 -

CONTINUATION OF p. 3 STATEMENT OF CLAIM/ RELIEF.

**GROUND ONE**

DEFENFDANTS

Ms M. Thornton is a correctional counselor at PBSP, and is legally responsible for insuring that each prisoner assigned to her case load is afforded due process under state and federal Law. Moreover to refrain from abusing her authority and to report all misconduct by fellow official under the peace officer act.

Mr. C.E. Wilber is a correctional I/M appeals coordinator at PBSP and is legally responsible that each prisoner who attempts to redress the government is afforded due process under state and federal law. In addition he aware that he shall refrain from abuse of authority or retaliation that would chill a prisoner due process concern(s).

Mr. R. Horel is a correctional chief Warden at PBSP and is legally responsible for all operation at the super max. prison including the welfare of all prisoners who bring due process and retaliation concerns to his attention concerning a employee under his command.

Mr. Swearingen is a correctional supervising counselor at PBSP, and is legally responsible for a case load of counselor including Ms. Thornton in insuring that each prisoner under the supervision of his supervisory authority is afforded due process under state and federal law. In addition he aware that that abusing authority or retaliating against a prisoner is prohibited under the color of authority.

N. Grannis is chief of inmate appeals and is legally responsible for all operations of deciding final decision of all I/M's within the jurisdiction of CDCR on behalf of the Director of CDCR. Such assigned position in under the color of authority and shall not contribute to "chilling" a prisoner redress of the government.

3A.

**GROUND ONE**

FACTS

On 3-5-2007, plaintiff (pl'tif) attempted to file and exhaust an I/M appeal against two PBSP correctional employees, acting under the color of authority when they 'chilled' pl'tif redress:

(i) M. Thornton, and (ii) C.E. Wilber, denied pl'tif his due process in a retaliation fashion that chilled his right to redress the government see annex "A" pp. 1-2.

Pl'tif asserted in the 3-5-07 redress that on 12-11-06 that he submitted a I/M 602 to his assigned correctional counselor - I (CCI) M. Thornton for a response (i.e. Appx. #1, pp.2-3) to have a serious rule violation (SRV) infraction rescinded. The SRV resulted pl'tif being found guilty of 'alleging false information against a peace officer' in 2003. The infraction was later determine d by the Ninth Circuit Court of Appeal in Chaker v. Crogan, 428 F.3d 1215 (9th Cir. 2005) to knowingly violate the first Amendment, CDCR issued a 'Change in Regulation' to immediately come into compliance with the (9th Cir.) opinion see appx. #1, exh."A" pp. 1-7.

In the 3-5-07 redress, pl'tif pointed to 12-11-06 I/M 602 that pursuant to California Code of Regulations (CCR) § 3044(b)(2) that he be afforded a six (6) month review, for a six month period of work/ behavior credits because pl'tif fell within the benefit of CCR title 15 § 3375(k)(1)(B): mandating re-housing to a medium custody prison due to the provision CDCR custody score classification see annex "A" at p. 2.

The prison infraction caused a adverse effect when six (6) points were added to his over all score, being found guilty of SRV retains a prisoner in the current security housing for atleast one year (minimum), which caused pl'tif to be retained one additional year in PBSP super max., however this changed mid-way through the serving of the penalty, pl'tif fate changed in Dec. 2006

3B.

when he became aware that the infraction was declared unconstitutional in Chaker supra, and CDCR issued a 'Change in Regulation' that all prison SRV that falls within the (false allegation) window must be rescinded and all forfeit of credits shall be restored.

The 3-5-07 (annex "A") redress asserts that the 12-11-06 I/M appeal was chilled and forwarded to I/M appeals (coordinator). Defendant (def.) C.E. Wilber, rejected and chilled the new claim, who also chilled the 12-11-06 from being exhausted see annex "A" at p.2.

On 1-1-07 pl'tif wrote a request for interview to his assigned CCI Ms Thornton regarding Appx. #1 (Id., Appx. #2, at p.5), on 1-3-07 pl'tif submitted another request pertaining to the 12-11-07 redress. (Appx. #2, at p.4)

On 1-8-07 pl'tif submitted an additional request to def. Thornton, with attachments pointing out that pl'tif is illegally confined in super-max. PBSP and the denial of transfer is out retaliation and that my custody warrant medium custody housing. Specifically Pl'tif stating that the unconstitutional SRV is sole cause of my current confinement in super-max see generally Appx. #3, pp. 3-6.

On 1-10-07 pl'tif followed up with another request for interview to def. Thornton regarding correcting/rescinding the prison infraction that was declared unconstitutional see appx. #3, pp. 1-2.

On 1-18-07 Def. Thornton, notified pl'tif that she finally understood his concern and would process the paper work (Appx. #2, pp. 2-3).

On 2-14-07 pl'tif wrote def. Thornton and requested a time frame that it would take to complete the paper work and have the prison (SRV) removed from his "C" file, so that he could be taken back before a committee and put up for transfer to a medium custody prison (Appx. #2, at p.1). It is pl'tif knowledge that a [m]od. order generally takes three 93) weeks to complete and the infraction rescinded.

3C.

Pl'tif further asserted in annex "A" at p.2 that def's had conspired with one another (i.e. Thornton and Wilber) to further harass pl'tif due to his current litigation against former I/M appeal coordinator M.J. Nimrod, in case no. 04-3144 VRW (PR).

On 3-5-07 pl'tif submitted his redress to the I/M appeals coordinator.

On 3-12-07 Def. C.E. Wilber (i.e. I/M appeals coordinator rejected pl'tif right to redress and chilled all exhaustion requirements within the first (i, and ii) levels of appeals (annex "A" at p.3) which also concerned his initial screening of previous denial of due process concern(s) (i.e. Appx. #1)).

On March 13, 2007 pl'tif submitted his concern along with a letter to chief I/M appeal branch (IAB) in Sacramento, California (annex "A" at p.4) for final review at the third level.

On 4-1-07 pl'tif submitted another request for interview, requesting confirmation of the date def. Thornton prepared the Mod. order to rescind the SRV. (see Appx. #4, all date are in chronological order.)

On 4-3-07 pl'tif sent a letter to the warden by depositing in a envelope via I/M mailing address to Robert Horel, the letter noted acts of reprisal and discrimination. Def Horel who over see all operation refuse to intervene (Appx. #4).

on 4-3-07 pl'tif sent a request for interview to def. Thornton supervisor (i.e. CCII) def. Swearingen, requesting to speak with him regarding a civil right violation which has a chilling affect. Def. Swearingen refused to answer pl'tif concern, moreover he refused to get involved. (Appx. #4)

On. April 19, 2007 pl'tif submitted a second request for interview regarding the same matter presented to on 4-3-07, Def. Swearingen refused to speak with pl'tif or get involved. Def. Thornton who the request for interview concern chose to circumvent a response without without addressing pl'tif sole concern. (Appx. #4)

3D.

On April 19, 2007 pl'tif submitted a second request to def. Horel requesting a interview concerning a civil right violation under the color of authority who again turn a deaf ear on pl'tif allegation of acts of reprisal and discrimination by lower ranking official under his supervision. (Appx. #4)

On 4-23-07 pl'tif submitted a request to def. Thornton addressing and attaching relevant information regarding her response to the 4-19-07 request submitted to her supervisor def. swearingen. Def. Thornton kept the relevant paper, but affixed a response to plaintiff concern pointing out that this was a deliberate course of action to impose the full penalty of the infraction (i.e. remaining in the current security custody for full year due to addition of points to total custody score as course of punishment) on pl'tif despite it being declared unconstitutional. (appx. #4)

On 5-6-07 pl'tif forwarded def. Thornton a letter and a court order re a separate, but additional reduction concern in his classification custody score see attachment dated May 3, 2007 of letter and court order. (Appx. #4) The matter is currently before the California Supreme Court for state exhaustion which will give the court jurisdiction under 28 U.S.C. § 2241 in conjunction with this claim and def.'s.

On 5-22-07 pl'tif submitted another request to def. Thornton, who made it clear in her response that pl'tif would suffer the emotional stress of the adverse effect of being housed housed in PBSP super max. beyond the proscribed period set by the Calif. Code of Regultaion (i.e. tit. 15 § 3044(b)(2); and 3375 (k)(1)(B). Def. Thornton chilled pl'tif due process to a process that was due , despite the evident of a re-assessment of pl'tif custody score would allow pl'tif to depart from a super max. confinement. (Appx. #4)

On June 6, 2007 def. N. Grannis who is also a defendant in a pending action 04-3144 VRW (PR) denied pl'tif his process that is due and further chilled his ground for relief causing emotional and physical stress. (annex at, p.5)

3E.

## EXHAUSTION OF LEGAL REMEDIES

Pl'tif Darryl L. Tolliver used the prison grievance procedure available within the CDCR, and all issues submitted within the CDCR were "CHILLED" and deemed denied June 6, 2007 see annex "A", at p. 5; and Appx. #1, p.1.

## LEGAL CLAIM

Pl'tif re-alleges that the 'CHILL' to redress the government violated his First amendment Right which entails an Eighth Amendment violation to be free from cruel and unusual punishment; and a Fourteenth Amendment violation under the Federal Due Process Clause to the United States Constitutions.

Pl'tif has no plain, adequate or complete remedy at law to redress the wrong described herein. Pl'tif has been and will continue to irreparably injured by the conduct of the defendants unless this court grant the declaratory relief which pl'tif seek.

WHEREFORE, pl'tif pray that this court enter judgment granting pl'tif:

1.) A declaration that the acts and omissions described herein violated pl'tif rights under the Constitution of the United States.

2.) A preliminary and permanent injunction ordering defendants: M. Thornton, C.E. Wilber, R. Horel, Mr. Swearingen, and N. Grannis from further retaliation and one acting on their behalf. Pl'tif also request that until defendants re-house him in a prison consistent with his custody score that defendant be prohibited from housing any prisoner who's custody score / housing is not in align with his and that he remain singled cell until defendants transfer him.

3.) Compensatory damages in the amount $50.00 a day per defendant for each day they jointly, and severally 'chilled' and denied pl'tif his due process.

4.) Punitive damages in the amount of $100.000.00 against each defendant.

3F.

5.) A trial by judge on all issues triable by judge.

6.) Pl'tif cost of this suit.

7.) any additional relief this court deems just, proper and equitable.

/// ///

1  _____
2  _____
3  _____
4   I declare under penalty of perjury that the foregoing is true and correct.
5
6   Signed this  22nd  day of  July , 2007
7
8                    *Darryl L. Tollver*
9                    (Plaintiff's signature)

COMPLAINT                    - 4 -

PROOF OF SERVICE BY MAIL

I, Darryl L. Tolliver, declare as follow:

I am over 18 years of age, and I am a party in this cause of action and I reside at Pelican Bay State Prison, in the County of Del Norte, California, mailing address Darryl Tolliver H36993 P.O. Box 7500, Crescent City, Ca. 95531-7500.

On July 22nd, 2007 I deposited in the United States mail at the above address the attached: Civil Right Complaint; Lodgment File; and Declaration of Darryl L. Tolliver in support of Civil action.

in sealed envelope(s) with postage fully prepaid, addressed to :

U.S. NORTHERN DIST. OF CALIF.
U.S. COURTHOUSE
450 GOLDEN GATE AVE
SAN FRANCISCO CA 94102-3483

I declare under penalty of perjury that the foregoing is true and correct. Executed this day of July 22nd, 2007, at the County of Del Norte, California.

*Darryl Tolliver*