IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L TOLLIVER, | |
| Plaintiff(s), | No. C 07-3921 VRW (PR) |
| vs | ORDER OF DISMISSAL |
| M THORNTON, et al, | |
| Defendant(s). | |

While plaintiff was incarcerated at Pelican Bay State Prison ("PBSP"), he filed a pro se civil rights complaint under 42 USC § 1983 alleging that prison officials improperly denied, rejected and/or screened out his administrative appeals and requests for reclassification and transfer to a medium security prison. According to plaintiff, prison officials should have reclassified and transferred him to a lower security prison because his custody classification score is based in part on a serious rule violation that violates the First Amendment and therefore must be rescinded. Plaintiff was recently transferred to Folsom State Prison.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint
2  "is frivolous, malicious, or fails to state a claim upon which relief may be
3  granted," or "seeks monetary relief from a defendant who is immune from such
4  relief." Id § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v
5  Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

6       To state a claim under 42 USC § 1983, a plaintiff must allege two
7  essential elements:  (1) that a right secured by the Constitution or laws of the
8  United States was violated, and (2) that the alleged violation was committed by a
9  person acting under the color of state law.  West v Atkins, 487 US 42, 48 (1988).

10  B.    Legal Claims

11       It is well-established that there is no constitutional right to a prison
12  administrative appeal or grievance system, see Ramirez v Galaza, 334 F3d 850,
13  860 (9th Cir 2003); Mann v Adams, 855 F2d 639, 640 (9th Cir 1988), and that a
14  state's creation of a prison administrative appeal or grievance system does not
15  implicate a liberty interest protected by the Due Process Clause, see Antonelli v
16  Sheahan, 81 F3d 1422, 1430 (7th Cir 1996); Buckley v Barlow, 997 F2d 494, 495
17  (8th Cir 1993) (same).  Plaintiff's allegations that prison officials improperly
18  denied, rejected and/or screened out of his administrative appeals and requests
19  fail to state a claim under § 1983 and are dismissed.  See id.

20       It matters not that plaintiff invokes his First Amendment right to petition
21  the government and of access to the courts.  Although plaintiff has a First
22  Amendment right to petition the government for redress of grievances, he has no
23  right to a response or any particular action.  See Flick v Alba, 932 F2d 728, 729
24  (8th Cir 1991).  And although he also has a right of access to the courts, the filing
25  of this action makes clear that the hindrances of which he appears to complain
26  did not cause him an actual injury to court access.  See Lewis v Casey, 518 US

28       2

343, 351 (1996); Jones v Blanas, 393 F3d 918, 936 (9th Cir 2004). Plaintiff is free to file a state or federal action challenging his custody classification score and argue therein that the denials, rejections and screening out of his administrative appeals and requests constitute exhaustion under 42 USC § 1997e(a).

Even if the instant action is liberally construed as a challenge to plaintiff's custody classification score, it must be dismissed under the authority of 28 USC § 1915A(b). It is well-established that there is no constitutional right to a particular classification or custody classification score in prison. See Moody v Dagget, 429 US 78, 88 n9 (1976); Hernandez v Johnston, 833 F2d 1316, 1318 (9th Cir 1987). And it is also well-established that misclassification does not inflict pain so as to constitute cruel and unusual punishment violative of the Eighth Amendment. See Hoptowit v Ray, 682 F2d 1237, 1255-56 (9th Cir 1982).

California regulations may provide plaintiff with a basis for challenging his custody classification score in state court. But they do not provide him with a basis for challenging his custody classification score in federal court because the liberty interest at issue is not one of "real substance" under Sandin v Conner, 515 US 472 (1995). The deprivation of a correct custody classification score in the instant case did not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 US at 484.

Perhaps most importantly, plaintiff's challenge to his custody classification score appears mooted by his transfer to Folsom State Prison, a medium-security facility for inmates with custody classification scores such as the one plaintiff sought at PBSP. Any other challenges to his score at Folsom State Prison should be brought in the Eastern District of California, where plaintiff is now incarcerated. See 28 USC § 84(b).

3

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 USC § 1915A(b).

The clerk enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

_/s/ Vaughn R Walker_
VAUGHN R WALKER
United States District Chief Judge